UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ENRIQUE PINO

(In the space above enter the full name(s) of the plaintiff(s).)

10 CIV. 8067

**COMPLAINT**
**under the**
**Civil Rights Act, 42 U.S.C. § 1983**

Jury Trial: Yes ✓ No ___
(check one)

v.

Defendant No. 1 New York City Department of Corrections

Defendant No. 2 Dora B. Schriro, Commissioner of New York City Department of Correction

Defendant No. 3 Mr. Robert A. Cripps, Warden of Anna M. Kross Center / C-95

Defendant No. 4 Hon. Michael R. Bloomberg, Mayor of New York City

Defendant No. 5 Mr. Raymond Kelly, Commissioner of New York City Police Department

(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. No addresses should be included here.)

SDNY PRO SE OFFICE
2010 OCT 20 P 3:11
RECEIVED

**I. Parties in this complaint:**

A. List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff
Name Mr. Enrique Pino
ID # N.Y.S.I.D. # 02437078-Q
Current Institution Anna M. Kross Center / C-95
Address 18 - 18 Hazen Street
East Elmhurst, New York 11370

B. List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1 Name New York City Department of Correction ~~Shield~~ #
Where Currently Employed
Address

Defendant No. 2 Name Dora B. Schriro, Commissioner New York City Department of Corrections ~~Shield~~ #
Where Currently Employed
Address

Defendant No. 3 Name Mr. Robert A. Cripps, Warden ~~Shield~~ #
Where Currently Employed Anna M. Kross Center / C-95
Address 18-18 Hazen Street
East Elmhurst, New York 11370

Defendant No. 4 Name Hon. Michael R. Bloomberg, Mayor of New York City ~~Shield~~ #
Where Currently Employed
Address

Defendant No. 5 Name Mr. Raymond Kelly, Commissioner of New York City Police Department ~~Shield~~ #
Where Currently Employed
Address

## II. Statement of Claim:

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. In what institution did the events giving rise to your claim(s) occur? Anna M. Kross Center/ C-95

B. Where in the institution did the events giving rise to your claim(s) occur? All Areas That are accessable by the prison population

C. What date and approximate time did the events giving rise to your claim(s) occur? From my reception into this facility to the current postmarked date.

D. **Facts:** WHEN I WAS TAKEN INTO THE CUSTODY OF THE NEW YORK CITY DEPARTMENT OF CORRECTIONS AND TAKEN TO THE ANNA M. KROSS CENTER I WAS NOT GIVEN AN INITIAL TELEPHONE CALL EVEN THOUGH I WAS NOT HOUSED IN A TIMELY MANNER. I WAS NOT ISSUED A CUP, SOAP, TOOTHPASTE AND TOOTHBRUSH. I WAS NOT GIVEN AN ACTIVE P.I.N.# TO MAKE OUTGOING CALLS UNTIL THE FOLLOWING DAY AFTER I WAS HOUSED. THERE HAS BEEN NO TOILET PAPER IN MY HOUSING UNIT FOR DAYS AT A TIME. I HAVE NOT BEEN PROVIDED WITH GENERAL BASIC NEEDS AND THIS HAS BECOME ACCEPTED AS NORMAL HERE IN THIS FACILITY. THERE IS OFTEN NOT ENOUGH FOOD AND REGULARLY WE EXPERIENCE FOOD SHORTAGES, BUT WHAT IS MORE COMMON IS THE FACT THAT THE FOOD PORTIONS DURING EACH MEAL ARE NOT ADEQUATE AND I DO NOT RECEIVE THE PROPER CALORIC INTAKE. THERE ARE NO RAZORS EXCHANGED ON AN AS-NEEDED BASIS, LINEN EXCHANGES ARE USUALLY LATE AND THE LINEN IS USUALLY DIRTY AND DAMP BECAUSE THERE IS SO MANY PRISONERS THAT THEY CANNOT TAKE THE PROPER AND ADEQUATE TIME TO CLEAN THE LINEN AND MEET THE PROGRAM SCHEDULED LINEN EXCHANGE WHICH THEY STILL DO NOT MEET. THERE IS NO LAUNDRY SERVICES PROVIDED FOR THE PRISONERS TO DO THEIR PERSONAL CLOTHING AND NOW THE DEPARTMENT HAS DISCONTINUED PROVIDING SOAP POWDER SO THAT PRISONERS CAN CLEAN THEIR OWN CLOTHING. I HAVE NOT BEEN PROVIDED WITH 60 SQUARE FEET OF PERSONAL SPACE AS STATED IN THE NEW YORK CITY BOARD OF CORRECTIONS MINIMUM STANDARDS, ALSO THE DEPARTMENT HAS FAILED TO PROVIDE CLOTHING

(CONTINUED ON PAGE "D.II FACTS")

What happened to you?

Who did what?

Was anyone else involved?

Who else saw what happened?

## III. Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. IMPERMISSABLE PUNISHMENT, VIOLATION OF MY HEALTH, HYGENE, NUTRITIONAL & CALORIC INTAKE DEPRIVATION, BEING WAREHOUSED, POOR FOOD SERVICE SUPPLY MANAGEMENT (NO GLOVES, FORKS, SPOONS), INCREASED LEVELS OF VIOLENCE, VIOLATION OF HEALTH CODES, PLACING ME IN DIRECT THREAT OF HIGHLY CONTAGIOUS AND INFECTUOUS DISEASES,

## IV. Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?
Yes ✓ No ____

PAGE D.II FACTS (CONTINUED FROM PAGE # 3, PART II. FACTS)

... FOR INDIGENT PRISONERS (SOCKS, UNDERWEAR, UNDER-SHIRTS, PANTS AND SHIRTS) BECAUSE THERE ARE TOO MANY PRISONERS TO PROVIDE THIS SERVICE FOR. THE COMMISSARY IS OFTEN UNDERSTOCKED WITH FOOD ITEMS THAT ARE USED TO SUPPLEMENT THE ITEMS THAT THE MAIN KITCHEN FAILS TO PROVIDE IN THE AVERAGE DIETARY REGIMEN AND ALSO THE COMMISSARY FAILS TO PROPERLY STOCK SNACK ITEMS AND COFFEE BECAUSE THERE ARE TOO MANY PRISONERS IN THIS FACILITY AS WELL AS IN THE OVERALL CORRECTIONAL SYSTEM.

AT ONE POINT I HAD A VISITOR THAT WAS COMING TO VISIT ME AND AFTER GETTING FRUSTRATED BY THE AMOUNT OF TIME IT WAS TAKING FOR THE REGISTRATION PROCESS DUE TO THE ENORMOUS CROWD OF REGISTRANTS, MY EXPECTED VISITOR TURNED AROUND AND WENT HOME, THERE WAS NOT ENOUGH CHAIRS IN THE WAITING AREAS.

GOING TO COURT THE PRISONERS ARE PACKED INTO HOLDING PAST THE CAPACITY OF WHAT THE NEW YORK CITY DEPARTMENT OF HEALTH WOULD DEEM ACCEPTABLE, AND COMING BACK FROM COURT VISITS THE CONDITIONS ARE EVEN WORSE. THERE ARE TOO MANY PEOPLE TO PROVIDE TRAYS TO EAT OFF OF AND IT IS COMMON PRACTICE FOR THE INTAKE STAFF TO ORDER THE INTAKE WORKERS TO JUST HAND THE PRISONERS A SANDWICH (MAIN COURSE'S MEAT PORTION BETWEEN 2 SLICES OF BREAD) THROUGH THE SERVICE PORT WINDOW OF THE INTAKE'S PANTRY. THEY ALSO DO NOT PROVIDE HALAL FOOD. PEOPLE ARE DISUADED FROM EATING BY TELLING THEM THEY'LL MISS THE COUNT. THERE ARE SO MANY PRISONERS THAT TWO INTAKES ARE USED IN THE MORNING, BUT, ALL OF THOSE PRISONERS RETURNING FROM COURT ARE PACKED INTO 3 HOLDING PENS. FIGHTS OFTEN BREAK OUT IN THE PENS, IN FACT, THE LEVEL OF VIOLENCE HAS RISEN TO THE POINT THAT THERE ARE SO MANY ALARMS THAT PROGRAMS AND MOVEMENT IN THE FACILITY IS REGULARLY DISRUPTED.

THERE IS NOT ENOUGH LEGAL MATERIALS IN THE LAW LIBRARY AND OFTEN THE LAW LIBRARY SESSIONS ARE CALLED LATE OR ENDED EARLY DUE TO THE OVER-CROWDED CONDITIONS THEREIN. OFTEN THE LEGAL COORDINATORS LEAVE EARLY OR DO NOT EVEN APPEAR FOR AN ENTIRE 8 HOUR WORK DAY. FREQUENTLY I AM UNABLE TO COMPLETE MY LEGAL RESEARCH OR GET MY LEGAL WORK AND/OR SUPPLIES.

HON. MICHAEL R. BLOOMBERG, MAYOR OF NEW YORK CITY AND MR. RAYMOND KELLY, THE COMMISSIONER OF THE NEW YORK CITY POLICE DEPARTMENT HAVE BEEN NAMED AS DEFENDANTS IN THIS ACTION DUE TO THEIR JOINT POLICY OF OVERLY AGGRESSIVE ARREST POLICIES AND MANDATES (ARRESTING PEOPLE FOR RIDING BIKES ON SIDEWALKS, WALKING THROUGH SUBWAY CARS, OPEN CONTAINERS ETC....) FOR INFRACTIONS THAT ARE CURABLE BY TICKETS TO APPEAR IN COURT HAVE GREATLY CONTRIBUTED TO THE OVERCROWDING OF THE JAILS. THEY TOO, THEREFORE ARE EQUALLY RESPONSIBLE FOR THE CONDITIONS AND ALSO THAT THE NEW YORK CITY DEPARTMENT OF CORRECTIONS MINIMUM STANDARDS BEARS THE SEAL OF THE CITY OF NEW YORK AND THE NAME OF HON. MICHAEL R. BLOOMBERG THEREBY MAKING THESE CONDITIONS ALSO UNDER THE

(CONTINUED ON PAGE D.III. FACTS)

PAGE D.III FACTS (CONTINUED FROM PAGE D.II FACTS)

... DIRECT CONTROL AND SUPERVISION OF HIS HONOR, THE MAYOR. IN ADDITION TO THE FACT THAT THE MAYOR APPOINTS THE COMMISSIONERS THAT HAVE BEEN NAMED IN THE LIST OF DEFENDANTS.

THE NAMED DEFENDANTS ARE IN VIOLATION OF THE FOLLOWING SECTIONS OF THE NEW YORK CITY DEPARTMENT OF CORRECTIONS MINIMUM STANDARDS;

HYGENE - § 1-03

(a), (b)(1), (c)(1), (f)(1)(i — v), (f)(3), (g)(1), (i)(1), (j)(1), (j)(3)(iii).

OVERCROWDING - § 1-04

(a), (c)(2), (e)(3), (e)(5)(i), (e)(5)(ii).

RECREATION - § 1-06

(a), (b), (d)(1), (d)(2).

ACCESS TO COURTS - § 1-08

(a), (b), (f)(1), (f)(2)(i), (f)(4), (g)(1), (g)(3), (h)(1), (i), (j)

VISITING - § 1-09

(a)(b)(1), (b)(2), (b)(3), (b)(4)(i), (b)(4)(ii), (b)(4)(iii), (b)(5)

TELEPHONE CALLS - § 1-10

(a), (b).

PACKAGES - § 1-12

(a), (d)(1), (d)(3)

I AM BEING IMPERMISSABLY PUNISHED IN VIOLATION OF MY CONSTITUTIONAL RIGHTS (6TH, 8TH & 14TH AMENDMENTS) AND ALL DEFENDANTS HAVE SHOWN DELIBERATE INDIFFERENCE FOR THEIR FAILURE TO ACT AND CORRECT THESE PROBLEMS, AND ALL DEFENDANTS ARE IN CONTEMPT OF COURT FOR VIOLATION OF COURT ORDERED CONSENT DECREES MADE BY HON. JUDGE LASKER, DISTRICT JUDGE OF THE SOUTHERN DISTRICT OF NEW YORK.

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s). THE ANNA M. KROSS CENTER / C-95

B. Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes ✓ No ___ Do Not Know ___

C. Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes ___ No ___ Do Not Know ✓

If YES, which claim(s)? ___

D. Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose not cover some of your claim(s)?

Yes ___ No ___ Do Not Know ✓

If YES, which claim(s)? ___

E. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes ✓ No ___

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes ___ No ___

F. If you did file a grievance, about the events described in this complaint, where did you file the grievance? IN THE FACILITY GRIEVANCE BOX THAT IS COLLECTED BY GRIEVANCE PERSONNEL

1. Which claim(s) in this complaint did you grieve? ALL, EITHER DIRECTLY OR BY CITING SECTION OF MINIMUM STANDARD'S THAT ARE BEING VIOLATED.

2. What was the result, if any? NOTHING HAS BEEN DONE AT ALL. MY GRIEVANCE HAS NOT BEEN RESPONDED TO.

3. What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process. THERE WAS NO DECISION TO APPEAL. THE GRIEVANCE PROCESS DOES NOT PROVIDE ANY STEPS FOR GRIEVANCES THAT HAVE BEEN IGNORED BY I.G.R.C. (INMATE GRIEVANCE RESOLUTION COMMITTEE)

G. If you did not file a grievance, did you inform any officials of your claim(s)?

Yes ✓ No ____

1. If YES, whom did you inform and when did you inform them? ____

2. If NO, why not? ____

I. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. I DID FILE A GRIEVANCE ADDRESSING ALL OF THESE MATTERS AND WAITED 5 DAYS FOR A RESPONSE TO MY GRIEVANCE BUT NONE EVER CAME. I ALSO SPOKE TO AREA OFFICERS ABOUT ISSUES CONCERNING THEIR AREAS. AREA CAPTAINS WERE ALSO MADE AWARE BY ME AND OTHER PRISONERS. DEPUTY WARDENS WERE ALSO MADE AWARE AND THE WARDEN WAS SENT A LETTER BY ME. COMMISSIONER DORA B. SCHRIRO WAS ALSO SENT A LETTER. I DID ALL THAT I COULD TO EXHAUST MY ADMINISTRATIVE REMEDIES TO NO AVAIL. (SEE ATTATCHMENTS (1)(2) & (3))

Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V. Relief:

State what you want the court to do for you. I AM SEEKING THE AMOUNT OF $250,000.00 FOR BEING IMPERMISSABLY PUNISHED, VIOLATION OF MY RIGHTS PROTECTED BY THE UNITED STATES CONSTITUTION 6TH, 8TH AND 14TH AS WELL AS THE NEW YORK STATE CONSTITUTION. PUNITIVE DAMAGES FOR DELIBERATE INDIFFERENCE FOR THE FAILURE TO ACT BY DEFENDANTS IN THE EMPLOY OF THE NEW YORK CITY DEPARTMENT OF CORRECTIONS. ALSO THE SAME PUNITIVE DAMAGES ARE BEING SOUGHT AGAINST THE MAYOR OF NEW YORK CITY AND THE POLICE COMMISSIONER FOR THEIR JOINT ARREST POLICIES AND PROCEDURES THAT HAVE LED TO THE OVERCROWDING OF THE JAILS DUE TO THE AGGRESSIVE NATURE IN ENFORCING ARRESTS FOR MINOR OFFENSES THAT COULD OR SHOULD HAVE BEEN HANDLED WITH TICKETS. ALSO FOR VIOLATION OF CONSENT DECREES SET BY THE JUSTICE OF THE SOUTHERN DISTRICT COURT IN RELATION TO OVERCROWDING AS WELL AS CONTEMPT OF COURT FOR VIOLATING SAME COURT ORDERS MADE IN THE SOUTHERN DISTRICT OF NEW YORK, BY HON. JUDGE LASKER.

## VI. Previous lawsuits:

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes ____ No ✓

(1)

Inmate Grievance Resolution Committee — Date: 10-3-2010

Name: Enrique Pino — I.D.#: 3411003271 — Housing Area: W 17 B Lower

Re: Overcrowded Conditions and Resulting Effects Thereof

THIS IS TO ADDRESS MANY CONDITIONS THAT ARE A RESULT OF THE JAIL BEING OVERCROWDED. THIS FACILITY VIOLATES THE FOLLOWING SECTIONS OF THE NEW YORK CITY DEPARTMENT OF CORRECTION'S MINIMUM STANDARDS: HYGENE - 1-03 (a), (c)(1), (c)(1), (f)(1)(i — v), (f)(3), (g)(1), (h)(1), (i)(1), (j)(1), (j)(3)(iii). OVERCROWDING - 1-04 (a), (c)(2), (c)(3), (c)(5)(i), (c)(5)(ii). RECREATION - 1-06 (a), (b), (d)(1), (d)(2). ACCESS TO COURTS/LEGAL - 1-08 (a), (b), (f)(1), (f)(2)(i), (f)(4), (g)(1), (g)(3), (h)(1), (I)(i). VISITING - 1-09 (a), (b)(1), (b)(2), (b)(3), (b)(4)(i), (b)(4)(ii), (b)(4)(iii), (b)(5). TELEPHONE CALLS - 1-10 (a), (b). PACKAGES - 1-12 (c), (d)(1), (d)(3). OFTEN THERE IS NO TOILET PAPER, SOAP, TOOTH PASTE, TOOTH BRUSHES, RAZORS AND OTHER NEEDED SUPPLIES FOR DAYS AT A TIME... EVEN MORE THAN A WEEK. COURT PENS ARE ALWAYS OVERCROWDED, WHETHER GOING TO OR RETURNING FROM COURT. IT OFTEN TAKES AT LEAST 48 HOURS FOR NEW ADMISSION DETAINEES TO BE HOUSED AND NO PHONE CALLS ARE GIVEN IN INTAKE, THIS IS A RECEPTION FACILITY. THESE CONDITIONS ARE CONSIDERED MORE NORMAL AT THIS FACILITY THAN NOT. OFTEN, COMPLAINTS TO PRISON STAFF ARE MET WITH THE FOLLOWING ANSWERS, "DON'T COME TO JAIL!", OR "LOOK AT WHAT JAIL YOU'RE IN." OFFICERS, CAPTAINS, DEPUTY WARDENS, THE WARDEN AND COMMISSIONER HAVE SHOWN DELIBERATE INDIFFERENCE THROUGH THEIR ALLOWING TO ACT. THIS MUST STOP IMMEDIATELY. ALL OF THESE THINGS AFFECT ME DIRECTLY OR COLLATERALLY. I AM MAKING A COPY OF THIS COMPLAINT SO THAT IT CANNOT BE SAID THAT A GRIEVANCE WASN'T FILED ON THESE MATTERS. YOU NOW HAVE 5 DAYS TO RESPOND TO THIS GRIEVANCE, FAILURE TO DO SO WILL SATISFY THE GRIEVANCE PART OF EXHAUSTION OF ADMINISTRATIVE REMEDIES IN ACCORDANCE WITH THE PRISONER LITIGATION REFORM ACT (P.L.R.A.)

(2)

DATE: 10-10-2010

WARDEN, ROBERT A. CRIPPS of ANNA M. KROSS CENTER / C-95

NAME: Enrique Pino I.D.# 349-10-08219 HOUSING UNIT: W11B Lower

RE: JAIL OVERCROWDING & ITS EFFECTS

ACCOMPANYING THIS LETTER IS A COPY OF A GRIEVANCE THAT I HAVE FILED IN THIS FACILITY WITH NO RESULTS. IN FACT, THESE MATTERS HAVE BEEN ONGOING FOR SO LONG AND WITH SUCH CONSISTENCY THAT THEY'RE ALMOST CONSIDERED NORMAL FOR THIS INSTITUTION. YOU AS A WARDEN AS WELL AS YOUR ENTIRE STAFF HAVE SHOWN DELIBERATE INDIFFERENCE FOR YOUR FAILURE TO ACT. THESE PROBLEMS NEED TO BE CORRECTED IMMEDIATELY OR YOU WILL BECOME LIABLE. KEEPING THESE CURRENT CONDITIONS ARE A FORM OF IMPERMISSIBLE PUNISHMENT WHICH IS IN DIRECT VIOLATION OF MY CONSTITUTIONALLY GUARANTEED RIGHTS.

YOU NOW HAVE 5 DAYS TO RESPOND TO THIS LETTER OR YOU MAY BECOME A DEFENDANT SHOULD I CHOOSE TO LITIGATE SINCE IT IS WELL WITHIN YOUR POWER AND AUTHORITY TO CORRECT THESE PROBLEMS WITHIN YOUR CORRECTIONAL FACILITY.

MOVING OR TRANSFERING ME TO ANOTHER FACILITY OR OTHER ACTS TAKEN AGAINST ME INSTEAD OF CORRECTING THE GRIEVED PROBLEMS WILL BE A DIRECT RESULT OF MY HAVING FILED THIS COMPLAINT WHICH IS ALSO IN FURTHERANCE OF PUNISHING ME IMPERMISSIBLY.

(3)

DATE: 10-10-2010

Dora B. Schriro, Commissioner of New York City Department of Correction

NAME: Enrique [illegible] B.C. #: 241 10 08219 HOUSING UNIT: W 17B [illegible]

RE: JAIL OVERCROWDING AND ITS AFFECTS

ENCLOSED WITH THIS LETTER YOU'LL FIND A COPY OF MY GRIEVANCE AND LETTER TO THE WARDEN ABOUT THE CONDITIONS OF THIS CORRECTIONAL FACILITY, WHICH IS A FORM OF IMPERMISSABLE PUNISHMENT, THAT ARE IN DIRECT VIOLATION OF MY CONSTITUTIONALLY PROTECTED RIGHTS.

SEVERAL TIMES I HAVE HEARD, BY VARIOUS MEMBERS OF THE EMPLOYEE ROSTER AT SEVERAL LEVELS, "THE NEW COMMISSIONER HAS MADE OR IS MAKING ALL OF THESE CUTBACKS..." AND SINCE IT IS WITHIN YOUR CONTROL AND AUTHORITY TO END THESE CONDITIONS YOU ARE NOW BEING GIVEN NOTICE THAT YOU WILL BE NAMED AS A DEFENDANT SHOULD I CHOOSE TO LITIGATE.

YOU HAVE 5 DAYS TO RESPOND TO THIS LETTER. YOU CAN NO LONGER PERMIT ME TO BE HOUSED UNDER THESE CONDITIONS.

B. If your answer to A is YES, describe each lawsuit in questions 1 through 7 on the next page. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1. Parties to this previous lawsuit:

Plaintiff ______

Defendants ______

2. Court (if federal court, name the district; if state court, name the county) ______

3. Docket or Index number ______

4. Name of Judge assigned to your case ______

5. Approximate date of filing lawsuit ______

6. Is the case still pending? Yes ____ No ____

If NO, give the approximate date of disposition ______

7. What was the result of the case? (for example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) ______

D. Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes ____ No ✓

E. If your answer to D is YES, describe each lawsuit in questions 1 through 7 on the next page. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1. Parties to this previous lawsuit:

Plaintiff ______

Defendants ______

2. Court (if federal court, name the district; if state court, name the county) ______

3. Docket or Index number ______

4. Name of Judge assigned to your case ______

5. Approximate date of filing lawsuit: ______

6. Is the case still pending? Yes ____ No ____

If NO, give the approximate date of disposition ______

7. What was the result of the case? (for example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) ______

Signed this 15TH day of October, 2010. I declare under penalty of perjury that the foregoing is true and correct.

Signature of Plaintiff x [signature]
Inmate Number N.Y.S.I.D.# 02437071-Q
Mailing address Anna M. Kross Center
10-18 Hazen Street
East Elmhurst, New York
11370

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this 15TH day of October, 2010, I will deliver this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: x [signature]

rev. 09/04